UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Stephan R. Strine,

        Plaintiff,

                  **Hon. Hugh B. Scott**

      v.

                  11CV633A

                  **Report &
                  Recommendation**

Genesee Valley Federal Credit
Union, et al.

        Defendants

_____

  Before the Court is the defendants' motion to dismiss the complaint (Docket No. 8).

**Background**

  The plaintiff, Stephan R. Strine ("Strine") brings this action[1], *pro se*, alleging that the Genesee Valley Federal Credit Union ("Credit Union"), Gerard Koehler and Jade Shovein,[2] improperly deducted money from his "social security" to satisfy, at least in part, a tax levy. Strine seeks to recover $451.84 representing the amount restrained, as well as punitive damages in the

---

[1] It appears that the plaintiff originally sued the defendants in small claims court, but withdrew the claim to commence the instant action. (Docket No. 8-4 at page 3).

[2] Koehler and Shovein are apparently employees of the Credit Union. (Docket No. 1 at page 2).

1

amount of $10,000.00. (Docket No. 1 at page 1).

The defendants assert that on two occasions, in January and March of 2011, the Credit Union was served with a New York State "Tax Compliance Levy" seeking to secure funds from Strine, an account holder of the credit union. (Docket No. 8-1, Exhibit "B"). Both times, it is undisputed that the credit union complied with the order, transferred the amount requested to the State of New York, and assessed Strine with a fee in accordance with their policy. (Docket No. 8-4 at page 3). The plaintiff claims that money represented social security payments, and was thus exempt from being levied. The defendants note that New York State has already returned the $451.84 to Strine. (Docket No. 8-4 at page 2).

The defendants have filed a motion to dismiss the complaint on the grounds that aside from the state court procedure set forth in Article 52 of the New York State Civil Practice Law and Rules ("C.P.L.R."), the plaintiff has no private right of action. Further, the defendants contend that this Court lacks subject matter jurisdiction because the plaintiff's claim does not present a federal question, complete diversity does not exist, and the amount in controversy does not meet the minimum threshold. Finally, the defendants assert that dismissal is appropriate because the Court lacks personal jurisdiction over Shovein because she was never properly served and that the plaintiff has failed to assert any allegations against either of the individual defendants. The plaintiff has filed a response to the motion which attaches his banking records purporting to demonstrate that the funds had been deducted from his bank account. (Docket No. 11).

## Motion to Dismiss

**Standard of Review**

The Supreme Court has clarified the pleading standard required to withstand a motion to dismiss. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (internal citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565-66 (2007). Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions. Iqbal, 556 U.S. at 680-681. "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir.2010) (quoting Iqbal, 556 U.S. at 680). The Court must then consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. Iqbal, 556 U.S. at 681; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir.2009).

**Private Right of Action**

Initially, the Court notes that the plaintiff does not dispute that the levied upon funds have been returned to him. Further, the plaintiff has not alleged any basis that would support a claim for punitive damages in this case. Thus, it is not clear that the plaintiff has suffered any compensable damages in this matter.

In any event, the plaintiff does not assert any federal statutory basis for federal court jurisdiction in this case. While 42 U.S.C. §407(a) of the Social Security Act provides that "[t]he right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law, " the law does not expressly create a private right of action to address violations. None of the Circuit Courts of Appeals have expressly ruled on the issue. However, virtually all of the District Courts that have done so have held that §407 does not create a private right of action. Alexander v. Bank of America, 2007 WL 3046637 (W.D.Mo. 2007):

> Section 407 does not expressly create a private right of action, and nothing in Section 407 suggests that Congress intended to create a private right of action. Furthermore, this Court is unaware of any court that has recognized a plaintiff's right to bring a cause of action based on a defendant's violation of 42 U.S.C. § 407.
>
> By its plain language, Section 407's purpose is to protect an individual's social security benefits. Thus, Section 407 would provide a defense for the Alexanders had BOA refused to release the garnishment. It is undisputed, however, that BOA acted immediately upon the knowledge that Ms. Alexander's account contained only social security benefits. Therefore, BOA's motion for summary judgment is granted as to the Alexanders' Section 407 claim.

Alexander, 2007 WL 3046637 at *2. See also Harris v. Prudential Ins. Co. of America, 2010 WL 918304 (N.D.Ohio 2010)( That section creates no private right of action. Harris's claim based on a violation of § 407(a) is therefore dismissed.); Walton v. U.S. Bank, 2010 WL 3928507 (D.Utah 2010)("[T]he court concludes that § 407(a) does not create a private right of action against a third-party intermediary, such as U.S. Bank in this case, who has done nothing more than follow

a court order it had no role in obtaining. Accordingly, plaintiff's claim that U.S. Bank violated 42 U.S.C. § 407(a) fails as a matter of law."); Townsel v. DISH Network L.L.C., 668 F.3d 967, 970 (7th Cir. 2012)(noting that the Supreme Court's current approach to implied private rights of action does not support a damages claim under § 407(a), the Seventh Circuit by-passed the issue to dispose of the case on other grounds, but cautioned that "readers should not infer from this any hidden decision that a private action exists.").

The plaintiff has not established any federal question or statutory basis to maintain this action in federal court. While the plaintiff may have state law remedies available to him, he has not established, and the record does not reflect, that the plaintiff can demonstrate that diversity jurisdiction exists here, or that the case meets the minimum threshold with respect to the amount in controversy pursuant to 28 U.S.C. § 1332(a).

Because the Court lacks subject matter jurisdiction over this matter, the Court need not address the defendants' remaining claims regarding personal service and the other deficiencies in the complaint.

## Conclusion

Based on the above, it is recommended that the defendant's motion to dismiss be granted.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the**

**Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

>    */s/ Hugh B. Scott*
> United States Magistrate Judge
> Western District of New York

Buffalo, New York
January 29, 2013